IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALDEZ BLACKMON,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, DIVISION OF ADULT PAROLE OPERATION, REGION 2; J. LARSON; JAMES SCAVER; RAY POLIAKOFF;<br><br>            Defendant.<br>_____ | No. C 11-3948 JSW (PR)<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND MOTION TO AMEND MOTION TO DISMISS**<br><br>(Docket Nos. 11, 21, 23) |

**INTRODUCTION**

Plaintiff, a parolee of the State of California, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Defendants J. Larson, James Scaver, and Ray Poliakoff, filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to state a cognizable claim for relief. They later filed a motion to amend that motion. Defendant California Department of Corrections and Rehabilitation, Division of Adult Parole Operation, Region 2 ("CDCR") filed a separate motion to dismiss under Rule 12(b)(6) as well. Plaintiff has not opposed the motions. For the reasons discussed below, the motions to dismiss and to amend the motion to dismiss are GRANTED.

**DISCUSSION**

**A.      Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit its review to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Id.*

Pro se pleadings must be construed liberally on a defendant's motion to dismiss for failure to state a claim. *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Analysis**

The only allegation in the complaint is that "[i]t is unconstitutional to inflict 'serious psychological pain' on inmate to served [sic] 'minor [Correctional] concern [sic]." (Complaint at 2.) Even liberally construing it in Plaintiff's favor, this allegation is wholly conclusory. Plaintiff does not allege, and it cannot be inferred, what actions any defendant took, or how such actions violated any of Plaintiff constitutional rights. Defendant CDCR is, furthermore, immune from suit under the Eleventh Amendment. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections entitled to 11th Amendment immunity). The complaint must be dismissed on these grounds.

## CONCLUSION

For the foregoing reasons, Defendants' motion to amend a motion to dismiss and their motions to dismiss, as amended, are GRANTED and this case is DISMISSED.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  December 21, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VALDEZ BLACKMON,

        Plaintiff,

  v.

DIVISION OF ADULT PAROLE OPERATION et al,

        Defendant.

Case Number: CV11-03948 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Valdez Blackmon
P.O. Box 213
Palo Alto, CA 94025

Dated: December 21, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk