1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

12

13

14

15

| | |
|---|---|
| VALDEZ BLACKMON,                                )<br>                                                       )<br>            Plaintiff,                                    )<br>                                                       )<br>            v.                                              )<br>                                                       )<br>CALIFORNIA DEPARTMENT OF                )<br>CORRECTIONS AND                             )<br>REHABILITATION, DIVISION OF              )<br>ADULT PAROLE OPERATION,                  )<br>REGION 2; J. LARSON; JAMES               )<br>SCAVER; RAY POLIAKOFF;                    )<br>                                                       )<br>            Defendant.                                 )<br>_____ ) | Nos.   C 12-1185 LB<br>          C 11-3948 JSW (PR)<br><br>**ORDER RELATING CASES;<br>DISMISSING CASE NO. C 12-<br>1185 LB; GRANTING LEAVE<br>TO PROCEED IN FORMA<br>PAUPERIS**<br><br><br><br>(Docket No. 2) |

16

17

18

19

20

21

22

23

24

25

26

27

28

       Plaintiff, an ex- parolee of the State of California, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.  The case, No. C 12-1185 LB, was assigned to Magistrate Judge Beeler, who referred it to the undersigned District Judge for a determination whether it should relate to an earlier case filed by Plaintiff, No. C 11-3948 JSW (PR).  In both cases, Plaintiff makes the same allegations against the same defendants -- indeed the complaints in the two cases are nearly identical.  Accordingly, the Court determines that they are related and Case No. C 12-1185 LB shall be reassigned to the undersigned District Judge.

       The Court dismissed Plaintiff's earlier case because Plaintiff did not state a cognizable claim for relief.  For the same reasons, the identical claims raised in the latter case, No. C 12-1185 LB, are also not cognizable.  The claims are also not cognizable for second reason.  Plaintiff claims that Defendants' actions led to the revocation of his parole, and he seeks money damages from them for his pain and suffering when he was

1    incarcerated after his parole was revoked.  A plaintiff may not obtain money damages

2    based on allegedly wrongful incarceration resulting from a parole-revocation hearing if

3    he does not allege that the parole board's decision has been reversed, expunged, set aside

4    or called into question.  *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123

5    (5th Cir. 1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161

6    (5th Cir. 1995) (*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), bars a Section 1983

7    action challenging revocation of supervised release).  It is clear from the allegations in

8    the complaint that the decision to revoke Plaintiff's parole was not reversed, expunged,

9    set aside or called into question.

10          For the foregoing reasons, the Case No. C 12-1185 LB is REASSIGNED to the

11   undersigned District Judge and DISMISSED for failure to state a cognizable claim for

12   relief.  Plaintiff's application to proceed in forma pauperis in that case (Docket No. 2) is

13   GRANTED.

14          IT IS SO ORDERED.

15   DATED:  July 9, 2012

16                                    _____

17                                    JEFFREY S. WHITE
                                     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

VALDEZ BLACKMON,

Case Number: CV12-01185 LB
CV11-03948 JSW

Plaintiff,

7

v.

8

**CERTIFICATE OF SERVICE**

CA DEPT OF CORRECTIONS et al,

9

Defendant.

10

_____/

11

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District

12

Court, Northern District of California.

13

That on July 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing

14

said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
receptacle located in the Clerk's office.

15

16

17

Valdez Blackmon
P.O. Box 213

18

Palo Alto, CA 94025

19

Dated: July 9, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

20

21

22

23

24

25

26

27

28